IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cr-30040 |
| ) | |
| PAUL PADAVIC, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court are Defendant Paul Padavic's pro se Motion for Compassionate Release (d/e 53) and Amended Motion for Compassionate Release (d/e 55), requesting compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, Defendant's amended motion (d/e 55) is GRANTED. Defendant's pro se motion (d/e 53) is DENIED AS MOOT.

## I. BACKGROUND

On September 17, 2019, Defendant pled guilty to possession with intent to distribute of 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). See d/e 43, p. 3. Defendant's initial arrest for the offense giving rise to the 2019

conviction took place in January, 2017. See id. Defendant has been in custody since his bond was revoked on March 23, 2018, after he tested positive for methamphetamine and amphetamine use. See d/e 17. On January 17, 2020, Defendant was sentenced to 126 months' imprisonment, to be followed by a 5-year term of supervised release. Defendant is currently serving his sentence at the Livingston County Jail, and the Government and Defendant agree that the COVID–19 pandemic has prevented his transfer to a Bureau of Prisons facility. See d/e 55, p. 9; d/e 60, p. 2. Defendant's projected release date is February 28, 2027, and he is projected to be eligible for home detention as of August 8, 2026. See d/e 60, p. 2.

On November 27, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). See d/e 53. On December 7, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Compassionate Release was filed. See d/e 55. Defendant seeks a sentence reduction based on his health issues and the COVID-19 pandemic.

On December 9, 2020, the U.S. Probation Office filed a

memorandum (d/e 56) discussing Defendant Padavic's proposed release plan and finding it suitable.

On December 16, 2020, the Government filed a response opposing Defendant's motion. See d/e 62. The Government concedes that Defendant need not meet § 3582(c)(1)(A)'s exhaustion requirement and that he has demonstrated the existence of extraordinary and compelling reasons for a sentence reduction, but argues that the sentencing factors set forth in 18 U.S.C. § 3553(a) militate against a sentence reduction.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the

Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate's request was received by the BOP, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Here, the Government has conceded that "the exhaustion requirement . . . does not apply."  See d/e 60, p. 2.  Section

3582(c)(1)(A)'s exhaustion requirement is an affirmative defense that can be waived, not a jurisdictional requirement.  See United States v. Gunn, 980 F.3d 1178, 1179 (7th Cir. 2020).  The Court finds that the Government has waived the affirmative defense of failure to exhaust administrative remedies.

The Government has also conceded that the Defendant has demonstrated the existence of "extraordinary and compelling reasons" warranting a sentence reduction.  See d/e 60, pp. 2–3.  Per § 3582(c)(1)(A), Mr. Padavic's sentence reduction can therefore be granted if, "after considering the factors set forth in section 3553(a)," the Court finds that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  The policy statement relevant to compassionate release motions under the First Step Act is § 1B1.13 of the U.S. Sentencing Guidelines Manual.  Cf. Gunn, 980 F.3d at 1180 (holding § 1B1.13 to be "inapplicable" to motions by prisoners, but suggesting that district judges should still consider "substantive aspects" of "the Sentencing Commission's analysis").

§ 1B1.13 instructs courts to grant a sentence reduction, "after considering the factors set forth in 18 U.S.C. § 3553(a)," only if

"[t]he defendant is not a danger to the safety of any other person or to the community."  After considering the evidence and arguments presented in the parties' filings and at the motion hearing conducted on December 21, 2020, the Court finds that Defendant Padavic is not a danger to the safety of any other person or to the community and that the § 3553(a) factors favor the requested sentence reduction.

### A. Defendant Padavic Does Not Pose a Significant Danger to the Safety of Any Other Person or to the Community

Defendant Padavic has been convicted of a serious crime—the transportation of 91.1 grams of methamphetamine as part of a large-scale conspiracy to distribute methamphetamine.  See d/e 43, p. 4.  Defendant was arrested for this offense in January, 2017, and then violated the conditions of his bond in 2018 by using methamphetamine.  See id., p. 3. Defendant also has a prior felony conviction from 2002, for manufacturing methamphetamine.  See id., p. 6.  The Court notes, however, that Defendant Padavic successfully completed the term of supervised release that followed his imprisonment on the 2002 conviction.  Additionally, the circumstances leading up to Defendant Padavic's 2019 conviction

are undeniably tragic. Defendant was employed as a truck driver until 2015, when he sustained life-threatening injuries in a work-related automobile accident. See d/e 55, pp. 3–4. Since then, Defendant has struggled with severe post-traumatic stress disorder, depression, anxiety, and cognitive impairment from a traumatic brain injury. See id. pp. 4–8. Prior to the accident, Defendant had been gainfully employed for years, had successfully completed his term of supervised release, and had not been convicted of any crime since 2002. See d/e 43, pp. 6–7. Afterwards, he struggled with his mental health, failed to maintain employment, and relapsed into methamphetamine addiction. See d/e 55, pp. 4–8.

    Defendant's personal tragedies do not excuse the instant offense. Still, Defendant's history provides relevant context for the Court's evaluation of the risk of recidivism. Defendant has demonstrated an ability to follow the law, comply with release conditions, and contribute to society in the past. When he failed to comply with release conditions by using methamphetamine in 2018, he harmed only himself. Defendant is also 60 years old, and according to the U.S. Sentencing Commission older offenders in general are "substantially less likely" to recidivate following release.

See The Effects of Aging on Recidivism Among Federal Offenders, U.S. Sentencing Commission, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf (last accessed December 22, 2020).  Based on these considerations and on the statements made by the parties at the December 21, 2020 motion hearing, the Court finds that Defendant Padavic does not pose a danger to the safety of any other person or to the community.

**B.     The 18 U.S.C. 3553(a) Factors Favor Release**

The nature and circumstances of the instant offense, and the history and characteristics of Defendant Padavic, militate in favor of a sentence reduction for the reasons discussed above.  Defendant's other relevant characteristics include his serious health issues and his age.  Defendant is obese, with a BMI of 38.  d/e 55, p. 1.  According to Centers for Disease Control (CDC) materials discussing COVID risk, individuals with a BMI of 30 or higher are at increased risk of severe illness from COVID-19.  See People Who Are at Higher Risk for Severe Illness – Coronavirus, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last

accessed December 22, 2020). Defendant also suffers from hypertension, a condition listed by the CDC as one that "may" place an adult at increased risk of serious illness if exposed to COVID-19. See id. Defendant also has "calcified" and "benign" growths in his lungs, which might endanger him if he were to contract a serious respiratory infection. See d/e 55–1, p. 391. Furthermore, Defendant is 60 years old and the CDC instructs that adults between 50 and 64 years old who get COVID-19 are four times as likely to be hospitalized, and thirty times as likely to die, as adults between the ages of 18 and 29. See Older Adults – Coronavirus, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last accessed December 22, 2020).

The COVID-19 pandemic has prevented Defendant from being transferred to a BOP facility. See d/e 60, p. 2. Livingston County Jail, where Defendant is currently being held, is making laudable efforts to control the spread of the virus, but has not succeeded in preventing an outbreak. There were zero active inmate cases of COVID-19 in Livingston County Jail when Defendant filed his amended motion (d/e 55) on December 7, 2020. As of December

21, 2020, there were seven active inmate cases in the facility, including three inmates from the Central District of Illinois. Defendant's release plan will allow him to spend his period of home confinement in an isolated, rural area, in a house with enough space for Defendant to fully quarantine. See d/e 56. In light of the availability of a release plan that is likely to significantly reduce Defendant's risk of infection, the Court finds that the § 3553(a) factors militate in favor of release. Because Defendant has demonstrated that extraordinary and compelling reasons for a sentence reduction exist, that he is not a danger to others or to the community, and that the § 3553(a) factors favor release, compassionate release is appropriate.

### III. CONCLUSION

For the reasons stated, Defendant Paul Padavic's Amended Motion for Compassionate Release (d/e 55) is GRANTED. Defendant's pro se Motion for Compassionate Release (d/e 53) is DENIED AS MOOT. The Court hereby reduces Defendant's term of imprisonment to time served plus 24 hours in order to allow Defendant to be tested for COVID-19 and released. The Court modifies Defendant's conditions of supervised release to require

Defendant to remain in home confinement until June 22, 2021. Defendant Padavic must self-quarantine for a period of 14 days beginning at the time of his release, including while he travels from his BOP facility to his new residence.  Defendant shall serve his period of home confinement in the residence described in the United States Probation Office's memorandum on Defendant's release plan (d/e 56).  Defendant shall travel to his new residence in a vehicle with three-row seating that allows him to follow the CDC's social distancing guidelines, which include staying at least six feet from others and wearing a face mask and gloves.

ENTER:  December 22, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE